**IN THE FAIRFIELD COUNTY COURT OF COMMON PLEAS**

EXHIBIT A

PURPLE MUNKY PROPERTY CO, LLC
12334 Woodsfield Circle East
Pickerington, OH 43147

    and

TVL HOLDINGS, LLC
5000 Arlington Centre Boulevard
Columbus, OH 43220

    and

GLASSER LIVING TRUST
158 South Cassingham Road
Columbus, OH 43209

    and

ROBERT M. YERKE TRUST, DATED MAY
16, 2005
c/o Mark S. Yerke, Trustee
9050 Mediterra Place
Dublin, OH 43016

    and

ALPINE INVESTMENTS, LLC
5670 Heather Road
Columbus, OH 43220

    and

BRETT AND EMILY OBROVAC
229 McKenna Creek Drive
Gahanna, OH 43230

    and

CLARA THE AIRSTREAM, LLC
5042 Bateson Beach Drive NE
Thornville, OH 43076

    and

TRACY'S PLACES, LLC
4738 Jaeger Drive NE
Thornville, OH 43201

     and

SCOTT WEBB
ERIN WEBB
PARKER WEBB
3685 North Bank Road NE
Millersport, OH 43046

     and

SAMPSON HALL
3094 East Livingston Avenue
Columbus, OH 43227

     and

MOLLY BISHOP-LLOYD
424 Lorraine Drive
Pickerington, OH 43150

     and

MARY SATTERFIELD
5250 Borah Hill Road SE
Lancaster, OH 43130

     and

ASHLEE DRESBACH
9175 Echo Lane
Athens, OH 45701

     and

THERESA HUBER
JASON HUBER
438 Sycamore Creek Street
Pickerington, OH 43140

     and

RANNEBARGER HOME MAINTENANCE

324 Josaphat Way
Columbus, OH 43213,
                    Plaintiffs

        vs.

WALNUT TOWNSHIP, FAIRFIELD COUNTY, OHIO
11420 Millersport Road NE
Millersport, OH 43046

            and

WALNUT TOWNSHIP OFFICE OF ZONING
11420 Millersport Road NE
Millersport, OH 43046

            and

BILL YATES, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

            and

TERRY W. HORN, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

            and

DOUG LEITH, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046,
                    Defendants

### INSTRUCTIONS FOR SERVICE

TO THE CLERK OF THE FAIRFIELD COUNTY COURT OF COMMON PLEAS:

        Please make service of process by certified mail, return receipt requested, upon the

following Defendants:

WALNUT TOWNSHIP, FAIRFIELD COUNTY, OHIO
11420 Millersport Road NE
Millersport, OH 43046

and

WALNUT TOWNSHIP OFFICE OF ZONING
11420 Millersport Road NE
Millersport, OH 43046

and

BILL YATES, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

and

TERRY W. HORN, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

and

DOUG LEITH, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

Respectfully submitted,

COOK, SLADOJE & WITTENBERG CO., L.P.A.

Eric J. Wittenberg (0038709)
Joshua S. Nagy (0097099)
5131 Post Road
Suite 100
Dublin, OH 43017
(614) 230-0670
Fax: (614) 221-5777
eric@cswcolpa.com
jnagy@cswcolpa.com
Attorneys for Plaintiffs

**IN THE FAIRFIELD COUNTY COURT OF COMMON PLEAS**

PURPLE MUNKY PROPERTY CO, LLC
12334 Woodsfield Circle East
Pickerington, OH 43147

     and

TVL HOLDINGS, LLC
5000 Arlington Centre Boulevard
Columbus, OH 43220

     and

GLASSER LIVING TRUST
158 South Cassingham Road
Columbus, OH 43209

     and

ROBERT M. YERKE TRUST, DATED MAY
16, 2005
c/o Mark S. Yerke, Trustee
9050 Mediterra Place
Dublin, OH 43016

     and

ALPINE INVESTMENTS, LLC
5670 Heather Road
Columbus, OH 43220

     and

BRETT AND EMILY OBROVAC
229 McKenna Creek Drive
Gahanna, OH 43230

     and

CLARA THE AIRSTREAM, LLC
5042 Bateson Beach Drive NE
Thornville, OH 43076

     and

TRACY'S PLACES, LLC
4738 Jaeger Drive NE
Thornville, OH 43201

  and

SCOTT WEBB
ERIN WEBB
PARKER WEBB
3685 North Bank Road NE
Millersport, OH 43046

  and

SAMPSON HALL
3094 East Livingston Avenue
Columbus, OH 43227

  and

MOLLY BISHOP-LLOYD
424 Lorraine Drive
Pickerington, OH 43150

  and

MARY SATTERFIELD
5250 Borah Hill Road SE
Lancaster, OH 43130

  and

ASHLEE DRESBACH
9175 Echo Lane
Athens, OH 45701

  and

THERESA HUBER
JASON HUBER
438 Sycamore Creek Street
Pickerington, OH 43140

  and

RANNEBARGER HOME MAINTENANCE

324 Josaphat Way
Columbus, OH 43213,
                   Plaintiffs

      vs.

WALNUT TOWNSHIP, FAIRFIELD COUNTY, OHIO
11420 Millersport Road NE
Millersport, OH 43046

       and

WALNUT TOWNSHIP OFFICE OF ZONING
11420 Millersport Road NE
Millersport, OH 43046

       and

BILL YATES, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

       and

TERRY W. HORN, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046

       and

DOUG LEITH, AS TOWNSHIP TRUSTEE
11420 Millersport Road NE
Millersport, OH 43046,
                  Defendants

**COMPLAINT FOR DECLARATORY JUDGMENT, TEMPORARY, PRELIMINARY, AND
PERMANENT INJUNCTIVE RELIEF AND FOR MONEY DAMAGES
WITH JURY DEMAND ENDORSED HEREON**

Now come Plaintiffs, and allege the following as their complaint:

<u>THE PARTIES/JURISDICTION AND VENUE</u>

1.     Plaintiffs Purple Munky Property Co., LLC, TVL Holdings, LLC, Glasser Living

Trust, Robert M. Yerke Trust, dated May 16, 2005, Alpine Investments, LLC, Brett and Emily

Obravac, Clara the Airstream, LLC, Tracy's Places, LLC, and Scott, Erin, and Parker Webb all own real property situated in Walnut Township, Fairfield County, Ohio, on or near Buckeye Lake (collectively, the "Owners").

2.  Plaintiffs Sampson Hall, Molly Bishop-Lloyd, Mary Satterfield, Ashlee Dresbach, Theresa and Jason Huber, and Rannebarger Home Maintenance are all either employees of, or contractors providing services to, the Owners and who depend upon that work for their livelihood (collectively, the "Employees").

3.  Defendant Walnut Township is one of the thirteen townships of Fairfield County, Ohio ("Walnut Township").

4.  Defendant Walnut Township Office of Zoning (the "Zoning Office") is one of the departments of Walnut Township and is tasked with developing and enforcing Walnut Township's Zoning Resolution (the "Resolution").

5.  Defendants Bill Yates, Terry W. Horn, and Doug Leith are the three duly elected and serving trustees of Walnut Township (collectively, the "Trustees").

6.  All of the real property at issue in this matter is located in Fairfield County, Ohio.

7.  All of the relevant events occurred in Fairfield County, Ohio.

8.  Jurisdiction and venue of this matter are proper in this Court.

ADMINISTRATIVE AUTHORITY

9.  Pursuant to R.C. §519.02, Ohio's legislature has granted Walnut Township the authority to regulate the location, size, and use of buildings and lands "**by resolution.**"

10. Ohio's legislature has not provided Walnut Township with authority to regulate the location, size, and use of buildings and lands by any other means.

11. Accordingly, Walnut Township promulgated its most recent iteration of the Resolution on June 19, 2015.

12. Walnut Township has not promulgated any resolution that permits Walnut Township to regulate short-term or long-term rentals of residential properties.

13. Pursuant to the November 17, 2022 Minutes of the Walnut Township Zoning Commission, Walnut Township has publicly acknowledged that it currently has no promulgated Resolution granting it authority to regulate short-term rentals ("STR" or "STRs"). See Exhibit A, attached hereto and made a part hereof.

FACTS COMMON TO ALL COUNTS:

14. The Buckeye Lake area has long been a resort area. Lakefront property has always been a desirable investment and a desirable location. Recent improvements to the earthen dam that created Buckeye Lake combined with new development along the south shore of the lake has only enhanced the desirability of the area.

15. People have always rented their vacation homes on Buckeye Lake when they are not in use by the owners.

16. Over the course of the last decade, the STR business has exploded because of the ease of use of international Internet platforms like Airbnb (www.airbnb.com) and VRBO (www.vrbo.com), which allow property owners to offer their properties for STR purposes and make it easy for potential STR tenants to locate and book stays at various STR locations.

17. Each of the Owners has invested substantial resources into establishing and maintaining their STR businesses along Buckeye Lake, including those located in Walnut

Township. Those investments include, but are not limited to, the purchase of their real property, remodeling and furnishing those properties, and marketing them for STR purposes.

18.     In reliance on the Resolution's lack of authority to regulate STRs, the Owners entered into various contracts with Airbnb, VRBO, et. al, for the rental of their residential properties as STRs.

19.     The Owners, through services provided by Airbnb, VRBO, or otherwise, screen STR tenants, and take all steps necessary to ensure that the STRs do not change the character of their respective residential neighborhoods.

20.     The Owners rely upon their contracts with Airbnb and VRBO and the generated revenue by their STR businesses to recoup their investments and for their livelihoods.

21.     The Owners have also entered into contracts for employment with the Employees to perform services integral to the use of the properties as STRs.

22.     Those Employees rely upon the income generated by STRs for at least a portion of their livelihoods.

23.     With the exception of Walnut Township, all of the other communities along Buckeye Lake welcome STR business, so long as the owners of the STR properties are properly licensed and insured and meet certain minimum requirements established by those communities. Those STR businesses also generate tax revenues for those communities along Buckeye Lake that permit licensed STRs to operate.

24. Upon information and belief, the Trustees are opposed to the operation of STR businesses in Walnut Township and have decided to prevent them from operating even though they have no legal authority to do so.

25. Although Walnut Township has no Resolution that addresses STR businesses, the Zoning Office has taken the position that STRs violate the Walnut Township Zoning Resolution. Specifically, the Zoning Office has declared that STRs violate Articles IX 9.4(B) and 9.7(B) of the Resolution by operating "tourist home businesses," despite the fact that the term "tourist home businesses" is not found anywhere in either section of the Resolution.

26. Despite having no statutory authority to regulate activities not covered by the Resolution, each of the Owners has received a Final Notice of Zoning Violation from the Zoning Office (a "Final Notice"), claiming that "tourist homes" are included with "motel" and "hotel" for purposes of zoning, even though the term "tourist home" is not defined in the Resolution. A true and correct example of one of the Final Notices received by the Owners is attached hereto as Exhibit A and made a part hereof.

27. The Final Notice also claims that "tourist homes" are "considered a Business according to Walnut Township Zoning due to their transient nature and commercial nature," even though such term is not defined anywhere in the Resolution. See Exhibit A.

28. Defendants have demanded that the Owners cease and desist from operating their STR businesses based on their interpretation of the Resolution, thereby depriving both the Owners and the Employees their livelihoods and the value of their investments.

29. All of the Owners are in favor of Walnut Township promulgating a resolution for the regulation of STR businesses, just as the other communities bounding Buckeye Lake

regulate STRs. They all desire uniform guidelines and rules by which to operate their STR businesses.

30.     The actions of the Defendants are unsupported by law and are taken with malice and with the intent to deprive the Owners of the benefit of their investments and the Employees of their livelihoods.

31.     Upon information and belief, members of the Walnut Township Zoning Commission (the "Commission") operate certain commercial businesses and business activities at their own personal residences in similarly zoned Residential Districts.

32.     Upon further information and belief, the Resolution is equally vague or silent as to the regulation of the Commission's commercial businesses and business activities within Residential Districts.

33.     Due to the continuing nature of the Commission's personal business activities, Defendants have either constructively or actually permitted such business activities.

34.     Defendants' attempts to unlawfully regulate the Plaintiffs herein serve as discriminatory selective treatment and application of the Resolution.

35.     Further, the Resolution fails to give ordinary people, such as Plaintiffs, fair notice of the conduct it punishes and/or regulates as to STRs.

36.     The Resolution's application as to STRs requires people of common intelligence to necessarily guess at its meaning.

<u>COUNT ONE: DECLARATORY JUDGMENT</u>

37.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 37 as if fully rewritten herein.

38.     Pursuant to the provisions of R.C. 2721.03, Plaintiffs are entitled to entry of a declaration of the rights and obligations of the parties with respect to the Resolution and the determination by the Zoning Office that Walnut Township has authority to regulate STRs without promulgating a resolution to do so, to-wit: declaring that, absent promulgating further rules, nothing set forth in the Resolution grants Walnut Township authority to regulate "tourist homes," and that nothing set forth in the Resolution grants Walnut Township authority to regulate the operation of STRs in Walnut Township.

COUNT TWO: DECLARATORY JUDGMENT

39.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 38 as if fully rewritten herein.

40.     Pursuant to the provisions of R.C. 2721.03, Plaintiffs are entitled to entry of a declaration of the rights and obligations of the parties with respect to the Resolution to-wit: declaring that the Resolution is void for vagueness as to its application to STRs and business activities in Residential Districts because the Resolution does not give ordinary people fair notice of the conduct it punishes, and it requires that people of common intelligence necessarily guess at its meaning.

COUNT THREE: INJUNCTIVE RELIEF

41.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 40 as if fully rewritten herein.

42.     There is no legal justification for the position taken by the Defendants with respect to STR businesses in Walnut Township, but they persist in attempting to shut down the STR businesses of the Owners.

43.     The Defendants also do not enforce the terms and provisions of the Resolution uniformly, turning a blind eye to flagrant violations while carrying out a vendetta against STRs despite having no authority to do so in the Resolution.

44.     Both the Owners and the Employees will suffer irreparable harm for which there is no adequate remedy at law if the Defendants are permitted to continue to take illegal actions with respect to STRs in Walnut Township.

45.     Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief, enjoining the Defendants from attempting to regulate STRs without promulgating further resolution in violation of R.C. 519.02 as a means of prohibiting STR businesses from operating in Walnut Township.

COUNT FOUR: VIOLATION OF CONTRACTS CLAUSE, U.S. CONSTITUTION

46.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 45 as if fully rewritten herein.

47.     The actions of the Defendants violate the provisions of Article I, Section 10 of the United States Constitution, which prohibits the passage of laws that impair the obligations of contracts by illegally interfering with the contracts between the Owners and Airbnb and VRBO and between the Owners and the Employees.

48.     As a consequence of the violations of Article I, Section 10 of the United States Constitution, the Owners and the Employees have suffered, and continue to suffer, damages.

COUNT FIVE: TAKING WITHOUT COMPENSATION

49.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 48 as if fully rewritten herein.

50.     By forcing the Owners to terminate their STR businesses in Walnut Township, Defendants are violating the terms and provisions of Section 19, Article I of the Ohio Constitution, which guarantees a right of compensation to owners of property taken by a governmental authority.

51.     As a consequence of the taking of their property by Walnut Township by illegally denying them the ability to operate their legal STR businesses, the Owners have suffered, and continue to suffer, damages.

52.     The Owners are entitled to have a jury of their peers determine the fair market value of the property taken from them by the actions of the Defendants.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor, jointly and severally as to all Defendants, as follows:

A.  As to the allegations set forth in Count One of the Complaint, that the Court determine, pursuant the provisions of R.C. 2721.03, that Plaintiffs are entitled to entry of a declaration of the rights and obligations of the parties with respect to the Resolution and the determination by the Zoning Office that STRs are "tourist homes" that violate the Resolution, to-wit: declaring that nothing set forth in the Resolution defines the term "tourist homes," and that nothing set forth in the Resolution prohibits the operation of STR businesses in Walnut Township;

B.  As to the allegations set forth in Count Two of the Complaint, that the Court determine, pursuant the provisions of R.C. 2721.03, that Plaintiffs are entitled to entry of a declaration of the rights and obligations of the parties with respect to the Resolution that said Resolution and its application upon STRs is void for vagueness.

C. As to the allegations set forth in Count Three of the Complaint, that the Court issue an Order granting them temporary, preliminary, and permanent injunctive relief enjoining the Defendants from acting outside the scope of their stator authority through enacting rules without first promulgating a resolution as a means of prohibiting STR businesses from operating in Walnut Township;

D. As to the allegations set forth in Count Four of the Complaint, that the Court issue an Order finding that the Defendants have violated the provisions of Article I, Section 10 of the United States Constitution by impairing the right to contract of the Owners and Employees, and awarding them damages in amounts to be proved at trial accordingly;

E. As to the allegations set forth in Count Five of the Complaint, that the Court issue an Order finding that the Defendants have engaged in a taking without just compensation, in violation of the provisions of Section 19, Article I of the Ohio Constitution, and awarding them damages in amounts to be proved at trial accordingly; and

F. Granting them such other relief as the Court deems just and appropriate.

Respectfully submitted,

COOK, SLADOJE & WITTENBERG CO., L.P.A.

Eric J. Wittenberg (0038709)
Joshua S. Nagy (0097099)
5131 Post Road
Suite 100
Dublin, OH 43017
(614) 230-0670
Fax: (614) 221-5777
eric@cswcolpa.com

jnagy@cswcolpa.com
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs demand that this matter be heard by a jury of eight (8).

_____
Eric J. Wittenberg

**EXHIBIT A**



# WALNUT
## Township
Fairfield County, Ohio

**Office of Zoning**
11420 Millersport Rd. NE
Millersport, OH 43046

January 5, 2023

## ZONING VIOLATION

### ( Final Notice )

Purple Munky Property Co. LLC
12334 Woodsfield Circle East
Pickerington, OH 43147

**RE: Tourist Home Business being conducted in R2, (One and Two Family Residential Zoning District)**

**RE: Address: 12076 Ninth Ave. NE Millersport, OH 43046 / Parcel # 0460156200**

Dear Purple Munky Property Co. LLC

Walnut Township Zoning previously sent out a Zoning Violation Letter to you stating that you were in violation of the Walnut Township Zoning Resolution, (Article IX 9.4 B.) by operating a tourist home business. This final notice being sent to you is for more clarification about your violation as it pertains to Tourist Homes.

Tourist Homes (Violations to the Walnut Township Zoning Resolution) are included with "motel" and "hotel" for the purposes of zoning.

- Tourist Homes are not permitted as a "Permitted Uses" for any of the residentially zoned districts. (RR, R-1, R-2, R-3, R1-LF, R2-LF, RMU)
- Tourist Homes are permitted under Zoning District B-3. (Intensive Motorist Services Business District)
- Tourist Homes are considered a Business according to Walnut Township Zoning due to their transient occupancy and commercial nature.
- Your options for appealing this letter are.
    1. Filing an Appeal to the Zoning Inspector's Decision within 20 days of receipt of this letter for each address or parcel affected. Appeal goes before the BZA (Board of Zoning Appeals) $650.00 Fee.
    2. Apply for a re-zone of the parcel(s). (Re-zone application goes before the Fairfield County Regional Planning Commission. Walnut Township Zoning Commission and then to the Walnut Township Trustee's) $1000.00 plus $60.00 / acre Fee. (Page 1 of 2)



# WALNUT
## Township
Fairfield County, Ohio

**Office of Zoning**
11420 Millersport Rd. NE
Millersport, OH 43046

(Page 2 of 2)

The two options above are separate courses of action you can take for the possibility of appealing or changing the Walnut Township Zoning Resolution in the matter of Tourist Homes being run in a Residential Zoned District.

I can be reached at 740-467-2420 or you can email me at zoninginspector@walnuttownship.com.

Zoning Resolution

Sincerely,

Mike Berry

Walnut Twp. Zoning Inspector

**EXHIBIT B**



**WALNUT** Township
Fairfield County, Ohio

**MINUTES OF THE:**
**WALNUT TOWNSHIP ZONING COMMISSION (ZC)**
**REGULAR MEETING**
**November 17, 2022 – 7 PM**

**Board of Zoning Appeals members present:**
Charles Pillon, Mike Wolfe, Thomas Upp, Greg Groves, Ben Patterson

**Zoning Inspector:** Mike Berry - present

**Number of members of the public present:** 10

The meeting was called to order at 7 PM by Chairman Charles Pillon.

## MEETING PROCEEDINGS

**Approval of Minutes:**

After a discussion, it was determined the minutes were very vague. As a result, the minutes from the September 15, 2022 regular meeting were tabled until the next meeting.

Mike Wolfe made a motion to table the minutes. Thomas Upp seconded the motion. The motion passed with 5 yes votes. Mike Wolfe will review the minutes with the audio recording and revise accordingly and present to the Board for approval at the next meeting.

## OLD BUSINESS

Chairman Charles Pillon made reference to 2022 – 02 Proposed Zoning and Resolutions Amendments, page 3, 7.3, C, 1 section a, mentioning conditional use. As it reads, *the BZA to grant approval for conditional use.* Chair Pillon offered it should read *"conditions of use will be permitted with the conditions set forth by the BZA."*

Chair Pillon mentioned they should table the discussion on solar. Ben Patterson made a motion to table the discussion for the next meeting. Mike Wolfe seconded the motion. The motion passed with 5 yes votes.

Referencing solar farms, public attendee Janet Duncan asked what benefit of changing the zoning for solar, what is gained as a county or township? At which Zoning Inspector Berry stated the large solar farms are exempt from all zoning because it is regulated by the Ohio Power Citing Board. Ms. Duncan then asked about the smaller solar farms in the area, Zoning Inspector Berry replied they are still

learning the impacts of small solar farms. He replied that the Zoning Commission could regulate any solar project under 50 megawatts.

The issue of sign regulations (Resolution Section 10.9), was brought forth by Chair Pillon. While Upon review of the Goshen Township Resolution on Signage suggested to be adopted by Trustee Horn stated the document is very detailed and does cover everything. The Township will continue to grow and we will be dealing with all the items within the document at some point.

Mike Wolfe mentioned the original concern was billboards of which he noted the language is very comprehensive. Trustee Horn mentioned the current resolution does have some conflicts that need to be resolved. Zoning Inspector Berry did say in the resolution now, there is no classification between the Billboards and outdoor advertising signage. Chair Pillon asked if section 10.9 (Sign Regulations) should be substituted? Trustee Horn recommended members of the zoning committee come together in a smaller group, and then present the outcome to the board.

Thomas Upp made a motion to table the discussion for the next meeting, December 15, 2022. Charles seconded the motion. The motion passed with 5 yes votes. It was decided that Mr. Upp and Chair Pillon would work together as a sub-group to look at Section 10.9 Sign Regulations for the next meeting.

## NEW BUSINESS

Zoning Inspector Berry stated he had an application for a zoning district change. Glen Keller of Keller Chiropractic would like to put an addition on the back of the business located on Lancaster-Newark Road. Currently the property is currently zoned residential, Mr. Keller has put in an application to have it re-zoned commercial. Once it is re-zoned commercial, the application can be reviewed for the addition.

Trustee Horn mentioned it has been a recommendation of Fairfield County EMA to create an inundation zone or no build zone below - two dams in the area, Waldon Pond Estates and Whetstone Lake. If someone were to build in this zone, the dam (safety) classification would need to be increased. Trustee Horn has requested the language from the County Prosecutor's Office and information for the inundation area.

Zoning Inspector Berry brought up the need for a definition of a short-term rental. Trustee Horn read the definition of a short-term rental from the website Law Insider of which he copied the language and copies were made for the Board. This was followed by a small discussion with no outcome.

**Adjournment:** At 8:58 PM, Chair Charles Pillon made a motion to adjourn. Mr. Upp seconded the motion. The motion passed with 5 yes votes.

Minutes Recorded By: Mendi Rarey

---

Charles Pillon - Chair                                    Ben Patterson - Member