IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Purple Munky Property Co, LLC, *et al.*,

       Plaintiffs,

v.

Walnut Township, Fairfield County, Ohio,
*et al.*,

       Defendants.

Case No. 2:23-cv-853
Judge James L. Graham
Magistrate Judge Deavers

Opinion and Order

    Plaintiffs own homes on or near Buckeye Lake, Ohio and wish to make their properties available for short-term rental through online platforms like Airbnb and VRBO.  In January 2023 they received Final Notice letters from the Walnut Township Zoning Inspector stating that their intended rental activity would violate the Walnut Township Zoning Resolution of 2015.  Each Final Notice states that plaintiffs cannot operate their properties as "tourist homes" because the residential districts in which their properties are located are not zoned for tourist home use.

    This matter is before the Court on plaintiffs' motion for a preliminary injunction to require Walnut Township to allow plaintiffs to rent their properties on a short-term basis.  Plaintiffs have not requested a hearing on their motion, and the Court finds that a hearing is unnecessary.  For the reasons stated below, the motion for a preliminary injunction is denied.

**I.**    **Background**

    Plaintiffs originally filed this action in the Court of Common Pleas of Fairfield County, Ohio.  They seek a declaratory judgment under Ohio law that the Walnut Township Zoning Resolution does not prohibit plaintiffs' desired short-term rental activity.  Included among the plaintiffs are individuals who are employees or contractors who provide services to the property-owner plaintiffs.

    Plaintiffs filed a motion for a temporary restraining order and preliminary injunction.  The state court denied the prong of the motion which sought a temporary restraining order because

plaintiffs failed to comply with the court's certification and notice requirements. The state court did not resolve plaintiffs' motion for a preliminary injunction.

Defendants removed the action to this Court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. The original complaint asserted a single federal claim under the Contract Clause of the United States Constitution. *See* U.S. Const., Art. I, Sec. 10, Cl. 1.

This Court issued a Show Cause Order on March 13, 2023, ordering plaintiffs to show cause why their Contract Clause claim should not be dismissed. The Court noted that the Contract Clause is concerned with "exercises of state *legislative* authority." *U.S. Trust Co. of New York v. New Jersey*, 431 U.S. 1, 21 (1977) (emphasis added). Plaintiffs' claim, in contrast, appeared to be directed against the enforcement of a zoning code. *See Perano v. Twp. Of Tilden*, 423 Fed. App'x 234, 239 (3d Cir. 2011) (dismissing Contract Clause claim because the challenged actions of the township did not involve "an exercise of legislative power," but instead concerned how the township had "enforced" its laws).

Plaintiffs have since moved for leave to amend their complaint. The motion was unopposed by defendants and was granted by the magistrate judge. Plaintiffs do not assert a claim under the Contract Clause in the Amended Complaint.

In response to the Show Cause Order, plaintiffs state that they are no longer pursuing a Contract Clause claim. But they point out that the Amended Complaint asserts a claim under the Commerce Clause of the United States Constitution. The Amended Complaint also adds a claim under the Takings Clause of the Fifth Amendment to the United States Constitution.

**II.     Legal Standard**

Preliminary injunctions are available under Rule 65(a) of the Federal Rules of Civil Procedure. They are extraordinary remedies which are governed by the following considerations: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

"The party seeking the preliminary injunction bears the burden of justifying such relief," including showing likelihood of success and irreparable harm. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625

(6th Cir. 2000); *accord Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012). The movant must further show that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). A mere possibility of injury is not enough. *Id.*

### III. Discussion

#### A. Likelihood of Success on the Merits

Plaintiffs rely on three legal theories: (1) the Zoning Resolution on its face does not prohibit plaintiffs from using their properties as short-term rentals ("STRs"); (2) the Zoning Resolution, as applied by the Zoning Inspector's interpretation forbidding STRs, violates the Dormant Commerce Clause; and (3) the Zoning Resolution, as applied, constitutes a violation of the Takings Clause.

The Court finds that plaintiffs have not established a strong likelihood of success on the merits of any of these three theories.

#### 1. Zoning Resolution

Plaintiffs' first theory relies on the fact that the Zoning Resolution does not mention STRs. Because the Resolution is silent, plaintiffs argue that their desired use should be permitted.

The Zoning Resolution is a comprehensive zoning code which is over 150 pages in length. It sets forth sixteen zoning districts. Relevant here are three residential districts in which plaintiffs' properties are located: R1-LF (single-family lake front residential), R2-LF (one- and two-family lake front residential), and R2 (one- and two-family residential). For each type of zoning district, the Resolution contains a list of permitted uses, as well as a listing of conditional uses which are subject to the approval of the Zoning Board.

Plaintiffs are correct that the Resolution does not contain any reference to STRs. But plaintiffs are incorrect that silence should be interpreted as permission. The Resolution expressly provides, "Any unlisted use shall be prohibited." Zoning Resolution Art. 8.4. *See also City of Cleveland v. Walters*, No. 39302, 1979 WL 210394, at *2 (Ohio Ct. App. Feb. 15, 1979) ("An ordinance specifically limiting a zoning classification to certain uses by implication prohibits all others."). Plaintiffs have not pointed to any other provisions in the Resolution which would undermine the clear language of Article 8.4 that unlisted uses are prohibited.

Plaintiffs do not argue that STRs fit within any of the permitted uses or conditional uses for districts R1-LF, R2-LF, or R2. Those uses include single-family dwellings, two-family dwellings, and daycares. *See* Zoning Resolution Art. 9.4, 9.6, 9.7. A "dwelling" is defined as a building "used exclusively for residential occupancy." *See* Zoning Resolution Art. 3.

Plaintiffs protest that the Final Notice classifies their desired use as a "tourist home" when the Resolution contains no definition of the term.[1] It is obvious enough that an ordinary meaning of "tourist home" is "a house in which rooms are available for rent to transients." Merriam-Webster Dictionary. But more importantly, the use in which plaintiffs desire to engage – whether called an STR or a tourist home – is not permitted in the residential districts where plaintiffs' properties are located.

The Court thus finds that plaintiffs have not shown that they are likely to succeed on their claim that the Zoning Resolution permits them to use their properties as STRs.

### 2. Dormant Commerce Clause

Under the Commerce Clause, power is given to Congress "to regulate commerce with foreign nations, and among the several states, and with the Indian tribes." *See* U.S. Const., Art. I, Sec. 8, Cl. 3. The Commerce Clause has been "understood to have a 'negative' aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93, 98 (1994). "The dormant Commerce Clause is driven by concern about 'economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" *Dept. of Revenue of Ky. v. Davis*, 553 U.S. 328, 337–38 (2008) (quoting *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 273–74 (1988)).

Plaintiffs have not demonstrated how the dormant Commerce Clause would apply to the facts of the case. In the typical dormant Commerce Clause scenario, out-of-state parties challenge a state or local regulation which favors local interests. *See, e.g.*, *Am. Beverage Ass'n v. Snyder*, 735 F.3d 362, 369 (6th Cir. 2013); *Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628, 632 (6th Cir. 2010). In this case, plaintiffs are the local interests. According to the complaint, each of the plaintiffs reside in Ohio and either own property or work in Walnut Township.

Moreover, the Zoning Resolution is not alleged to be discriminatory on its face, nor is it alleged to purposefully discriminate against out-of-state competitors. *See Am. Beverage*, 735 F.3d at 369–70 (a court should first determine whether the regulation discriminates against out-of-state interests). It is not plaintiffs' contention, for instance, that Walnut Township allows property owners who are Ohio residents to offer short-term rentals but prohibits non-resident, out-of-state property owners from making short-term rentals.

---

[1] "Tourist homes" are allowed to operate in one of the Township's business districts. *See* Zoning Resolution, Art. 9.12(B)(7).

A regulation which is not discriminatory on its face might still violate the dormant Commerce Clause if it is discriminatory in effect, significantly burdening out-of-state actors or interstate commerce to the benefit of local actors. *See Am. Beverage*, 735 F.3d at 372; *Int'l Dairy*, 622 F.3d at 648. Such a regulation is upheld "unless the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

Plaintiffs allege that the Zoning Resolution, as applied, imposes an undue burden on interstate commerce because it prevents them from hosting interstate travelers. However, local land use regulations do not impose a burden on interstate commerce "merely because they disappoint would-be visitors from out of state" or cause a loss in tourism business to the local economy. *Rosenblatt v. City of Santa Monica*, 940 F.3d 439, 452–53 (9th Cir. 2019). *See also Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 390 (upholding zoning regulations that excluded hotels from residential areas). Plaintiffs thus have not established how the Zoning Resolution imposes a burden on interstate commerce which is clearly excessive in relation to Walnut Township's well-established interest in regulating local land use.

The Court thus finds that plaintiffs have not shown that they are likely to succeed on their dormant Commerce Clause claim.

### 3. Takings Clause

Under the Takings Clause, made applicable to states through the Fourteenth Amendment, private property shall not be "taken for public use, without just compensation." U.S. Const., Am. V. *See also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). Courts recognize two types of unlawful takings: actual, physical takings and regulatory takings. *See id.*, 544 at 537. Plaintiffs do not allege that Walnut Township has physically taken their properties.

A regulatory taking occurs when the government "goes too far" in restricting land use. *Id.* at 537. A categorical regulatory taking – one which completely deprives an owner of all economically-beneficial use of the property – is a *per se* taking which requires just compensation. *Id.* at 538. Plaintiffs do not allege that they have been subjected to a categorical taking.

A regulation which allows for some beneficial use of the property is evaluated under the factors set forth in *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978). *See Lingle*, 544 U.S. at 538–39; *Andrews v. City of Mentor*, 11 F.4th 462, 469 (6th Cir. 2021). A court should balance several factors, including the "economic impact of the regulation on the claimant," the "extent to which the

5

regulation has interfered with distinct investment-backed expectations," and the "character of the governmental action." *Penn Central*, 438 U.S. at 124; *see also Lingle*, 544 U.S. at 538–39.

At this early stage, plaintiffs' takings claim appears to fail for two independent reasons – one procedural and one substantive.

First, plaintiffs' claim appears to be unripe. Plaintiffs received Final Notices of violations from Walnut Township after they were discovered to have been unlawfully operating STRs. The Final Notices advised plaintiffs of their right to apply for a re-zoning of their properties. *See e.g.*, Doc. 12 at PAGEID 980–81. Additionally, the Zoning Resolution gives plaintiffs the right to apply for approval of STRs as a "similar use" to those permitted in their districts. *See* Zoning Resolution, Art. 8.5. There is no indication that plaintiffs have pursued either available remedy.

"[P]laintiff's failure to seek discretionary allowance for an otherwise proscribed use of their property—say, through a permit or application for a variance—will often doom their takings claim as unripe." *Andrews, Tr. of Gloria M. Andrews Tr. Dated Apr. 23, 1998 v. City of Mentor, Ohio*, 11 F.4th 462, 469–70 (6th Cir. 2021). Under the ripeness analysis, "a takings claim based on a law or regulation which is alleged to go too far in burdening property depends upon the landowner's first having followed reasonable and necessary steps to allow regulatory agencies to exercise their full discretion in considering development plans for the property, including the opportunity to grant any variances or waivers allowed by law." *Palazzolo v. Rhode Island*, 533 U.S. 606, 620–21 (2001) ("[U]ntil these ordinary processes have been followed the extent of the restriction on property is not known and a regulatory taking has not yet been established.").

Second, regarding the *Penn Central* factors, plaintiffs have not shown that they had reasonable investment-backed expectations which were disrupted by Walnut Township. Plaintiffs purchased their properties subject to the zoning districts and permitted uses which are currently in effect – neither STRs nor tourist homes were permitted or conditional uses when they acquired their properties. And as to the character of the governmental action, the Zoning Resolution is a typical zoning code which is neutral on its face and does not target or discriminate against plaintiffs. *See Penn Central*, 438 U.S. at 124 (a regulation is less likely to amount to a taking if it "merely affects property interests through some public program adjusting the benefits and burdens of economic life to promote the common good") (internal quotation marks omitted).

The Court thus finds that plaintiffs have not shown that they are likely to succeed on their Takings Clause claim.

### B. Other Preliminary Injunction Factors

The remainder of the preliminary injunction factors do not favor plaintiffs. As plaintiffs themselves acknowledge, if they are not granted injunctive relief their harm will be the loss of rental income. *See* Doc. 4 at PAGEID 165. "[A] plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Finally, with regard to third parties and the public interest, the Court finds that the interests of non-parties will be best served by maintaining the status quo and denying preliminary injunctive relief. In particular, the residents of Walnut Township have a significant interest in the enforcement of the Zoning Resolution, which on its face does not permit STRs in residential districts.

## IV. Conclusion

Accordingly, plaintiffs' motion for a preliminary injunction (doc. 4) is DENIED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 25, 2023